**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

SAMUEL PEARSON, for himself and a class,   )
         )
        Plaintiff,   )
         )
      vs.   )
         )
UNITED DEBT HOLDINGS LLC,   )
         )
        Defendant.   )

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1.      Samuel Pearson seeks redress from collection practices by United Debt Holdings LLC that violate the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA").

2.      The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and any false, deceptive or misleading statements in connection with debt collection attempts.  It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

### JURISDICTION AND VENUE

3.      Jurisdiction exists under 15 U.S.C. §1692k and 28 U.S.C. §§1331 and 1337.

4.      Venue and personal jurisdiction are proper because defendant does business here, and because plaintiff received defendant's collection communications here.

### PARTIES

5.      Pearson lives in Chicago, Illinois.

6.      United Debt Holdings, a limited liability company organized under Delaware law, with offices at 5251 DTC Parkway, Suite 950, Greenwood Village, Colorado 80111, does business in Illinois.  Its registered agent and office is National Registered Agents Inc., 200 West Adams Street, Chicago, Illinois 60606.  It regularly seeks to collect consumer debts originally owed to others, using the mail, telephone and electronic wire systems to do so.

7.      United Debt Holdings is a debt collector, as defined by 15 U.S.C. §1692a**.**

1

## FACTS

8.      During 2014, Pearson received multiple phone calls from United Debt Holdings, seeking collection of an internet payday loan from "Plain Green" – which is a loan Pearson obtained for personal, family or household purposes.

9.      United Debt Holdings made these calls to Pearson from 800.860.1582, which is a number United Debt Holdings owns, controls or uses.

10.      On account of these collection attempts, United Debt Holdings obtained information on Pearson's bank account, and withdrew funds from that account.

11.      Pearson did not receive a written "notice of debt" from United Debt Holdings, as to the "Plain Green" debt it tried to collect.  On information and belief, none was sent to him.

12.      "Plain Green" sought out Illinois residents (including Pearson) for their loans.

13.      The Interest Act, 815 ILCS 205/.01 *et seq*., prohibits lenders from making loans with an annual interest rate exceeding nine percent to Illinois residents, unless they fall under an exception listed in 815 ILCS 205/4(1).

14.      The Illinois Criminal Code provides that those who give loans to Illinois residents with interest rates exceeding twenty percent, without qualifying under certain exceptions, commit a felony.  720 ILCS 5/17-59 (formerly, 720 ILCS 5/39-1 (2010)).

15.      The interest rate on Pearson's "Plain Green" loan exceeded 200 percent.  On information and belief, the loans "Plain Green" made to other Illinois residents carried interest rates exceeding the civil and criminal usury limits.

16.      "Plain Green" is not a bank, savings and loan, savings bank or credit union.

17.      "Plain Green" is not, and never was, licensed by the Illinois Department of Financial and Professional Regulation ("IDFPR").  Specifically, "Plain Green" was not licensed as required by the Payday Loan Reform Act, 815 ILCS 122/1-1 *et seq.* ("PLRA"), or the Consumer Installment Loan Act, 225 ILCS 670/1 *et seq*. ("CILA").

18.      Given the preceding, all loans given to Illinois residents (including Pearson) by "Plain Green" violate the Interest Act and the Criminal Code, and are void and unenforceable.

19.     United Debt Holdings attempted to collect on "Plain Green" loans, despite the fact that they were void and unenforceable.

20.     Other internet lenders – on whose loans United Debt Holdings attempted collection – made loans to Illinois residents carrying interest rates exceeding nine percent (contrary to the Interest Act) and exceeding twenty percent (contrary to the Criminal Code), even though they (A) were not banks, savings and loans, savings banks or credit unions, and (B) were never licensed by the IDFPR as required by the PLRA or the CILA.  Such loans are also void and unenforceable; United Debt Holdings attempted to collect on them despite this fact.

21.     The PLRA prohibits contractual waiver of its provisions (815 ILCS 122/4-5(10)(d) and 122/4-40), applies to "any lender that offers or makes a payday loan to a consumer in Illinois" (815 ILCS 122/1-15(a)), applies to any person "that seeks to evade its applicability by any device, subterfuge, or pretense whatsoever" (815 ILCS 122/1-15(b)), and expressly covers Internet loans (815 ILCS 122/1-10).

22.     Illinois has consistently applied its statutes regulating payday and other high-interest loans, to all loans made to Illinois residents (including internet loans), without regard to the location of the lender or contractual choice of law provisions.  See, *e.g.*, *Insight Capital*, 13 CC 512 (IDFPR Dec. 19, 2013); *MNE Services, Inc.*, 13 CC 499, 13 CC 503 (IDFPR Dec. 17, 2013); *Goldline Funding Group*, 13 CC 515 (IDFPR Dec. 12, 2013); *Great Eagle Lending*, 13 CC 508 (IDFPR Nov. 18, 2013); *North Star Finance*, 13 CC 501 (IDFPR Nov. 18, 2013); *Joro Resources*, 13 CC 504 (IDFPR Nov. 15, 2013); *Bottom Dollar Payday*, 13 CC 395 (IDFPR June 19, 2013); *Hydrafund.org,* 13 CC 339 (IDFPR May 3, 2013); *Western Sky Financial*, 13 CC 265 (IDFPR March 8, 2013); *Fireside Cash*, 12 CC 567 (IDFPR Dec. 10, 2012); *Red Leaf Ventures*, 12 CC 569 (IDFPR Dec. 5, 2012); *VIP Loan Shop*, 12 CC 573 (IDFPR Dec. 5, 2012); *Hammock Credit Services*, 12 CC 581 (IDFPR Nov. 26, 2012); *Integrity Advance, LLC*, 12 CC 444 (IDFPR Oct. 5, 2012); *Kenwood Services*, 12 CC 445 (IDFPR Oct. 5, 2012); *Mountain Top Services I*, 12 CC 423 (IDFPR Oct. 5, 2012); *Money Mutual*, 12 CC 408 (IDFPR Sept. 21, 2012); and *Global Payday Loan*, 07 CC 119 (IDFPR May 30, 2007). [The order entered against Global Payday

Loan in 2007 is available on the internet at https://www.idfpr.com/News/2007/053007

GlobalPaydayLoanCeaseAndDesistOrder.pdf (last accessed December 11, 2014). The other

IDFPR orders are available at http://www.idfpr.com/DFI/CCD/CCDDiscipline.asp (last accessed

December 11, 2014).]

      23.    United Debt Holdings knew, or recklessly disregarded, that the internet loans they

were attempting to collect were void and unenforceable.

      24.    Under 15 U.S.C. §1692e,

**a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

      **(2)    The false representation of –**

            **(A)    the character, amount, or legal status of any debt; or**

            **(B)    any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.... [and]**

      **(5)    The threat to take any action that cannot legally be taken or that is not intended to be taken.... [and]**

      **(10)    The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer....**

      25.    Under 15 U.S.C. §1692f,

**a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

      **(1)    The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law....**

      26.    As the loans at issue were void and unenforceable, any payments made by Illinois

consumers to United Debt Holdings on them, including those payments made by Pearson, caused

damage to those consumers.

## COUNT ONE

27.     Given the preceding, United Debt Holdings violated the FDCPA.

### CLASS ALLEGATIONS

28.     Pearson seeks relief for a class including "all individuals with Illinois addresses from whom United Debt Holdings sought to collect an alleged debt made at an interest rate exceeding nine percent, by an entity which (a) did not possess a bank or credit union charter and (b) was not licensed by the Illinois Department of Financial and Professional Regulation, where any activity to collect such loan occurred on or after a date one year prior to the filing of this action."

29.     The class is so numerous that joinder of all members is not practicable.  On information and belief, there are at least 40 individuals in the class.

30.     There are factual and legal questions class members hold in common, which predominate over any questions relating to individual class members.  The predominant common question is whether United Debt Holdings has a practice of attempting to collect illegal debts.

31.     Pearson's claim is typical of the claims class members hold, as it is based on the same facts and legal theories.

32.     Pearson will fairly and adequately represent the class members.  He has retained counsel experienced in class actions and FDCPA litigation.  Neither he nor his counsel have interests which might cause them to not vigorously pursue this action.

33.     Class resolution is superior to other claim resolution methods, for (A) individual actions are not economically feasible, (B) members of the class are likely to be unaware of their rights, and (C) Congress intended class actions to be the principal enforcement mechanism under the FDCPA.  Further, management of this class action is likely to present significantly fewer difficulties than those presented in many class actions, *e.g.* for securities fraud.

WHEREFORE, judgment for plaintiff and the class, and against defendant, should be given, with the award of

(A)    statutory damages,

(B)    actual damages including all amounts collected  from members of the class,

(C)    attorney's fees, expenses and costs of suit, and

(D)    all other proper relief.

s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Thomas E. Soule
EDELMAN COMBS LATTURNER & GOODWIN LLC
20 South Clark Street, Suite 1500
Chicago IL 60603
(312) 739-4200
(312) 419-0379 (FAX)
courtecl@edcombs.com

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any  recovery herein for 1/3 or such amount as a court awards.   All rights relating to attorney's fees have been assigned to counsel.

s/ Daniel A. Edelman
Daniel A. Edelman

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

s/ Daniel A. Edelman
Daniel A. Edelman

6

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SAMUEL PEARSON, for himself and a class,       )
                                               )
                Plaintiff,                     )
                                               )
        vs.                                    )
                                               )
UNITED DEBT HOLDINGS LLC,                      )
                                               )
                Defendant.                     )

## VERIFICATION OF COMPLAINT

Under penalty of perjury and pursuant to 28 U.S.C. §1746 (and all other applicable laws and rules) I, Samuel Pearson, hereby affirm that I have read the preceding complaint in full, and verify that the facts alleged in it are true and correct to the best of my personal knowledge.

Executed on this day, December 12, 2014.

Samuel Pearson